IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 3:09-cv-832 |
| | ) |
| MISSOURI BARGE LINE COMPANY, | ) |
| INC., and the *M/V Coal Express,* | ) |
| together with her engines, tackle, | ) |
| hull, and appurtenances, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT IN ADMIRALTY

### COUNT I

*(M/V Coal Express - in rem)*

Now comes plaintiff, HENRY VAUGHN, suing as a seaman, and for his cause of action against the M/V COAL EXPRESS states as follows:

1. This is an admiralty or maritime case within the meaning of Rule 9(h), Fed.R.Civ.P. in that Plaintiff Henry Vaughn (hereinafter "plaintiff" or "Vaughn") was employed by Missouri Barge Line Company, Inc., on board the M/V COAL EXPRESS as a deckhand and member of the crew of said vessel, which was at all relevant times engaged as an instrument of commerce or navigation on the navigable waterways of the United States and this Court therefore has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §1333(1). Plaintiff, as a seaman, is entitled to institute suit without prepayment of costs or fees and without furnishing security therefore, pursuant to 28 U.S.C. §1916.

2. As of the accidents complained of and, based on information and belief, at the time of the filing of this Complaint in Admiralty, the M/V Coal Express presently is or will be within the territorial jurisdiction of this District Court at its designated staging station and accordingly venue is proper under the provisions of 28 U.S.C. §1395(a) and (d).

3. On or about the night of March 28, 2008, the plaintiff was walking on the walkway of a barge in the tow of the M/V Coal Express while said vessel was afloat on the Upper Mississippi River at or near East Cape Girardeau, Illinois. The barge and the vessel were wired together with rigging such that the barge was an appurtenance of the towboat.

4. At said time and place, plaintiff was coming from the starboard side of the barge around the corner formed by the cargo box coaming near the head of the barge when he tripped on a ratchet that had been left in the walkway by another person. Although plaintiff was using his headlamp, he could not see the ratchet in time to avoid it because the corner of the cargo box blocked plaintiff's view of the ratchet. Plaintiff fell to the ground and immediately felt back pain.

5. During the approximately next six weeks, Plaintiff worked his normal watch schedule and performed his usual duties but continued to experience intermittent back pain. On or about May 27, 2008, plaintiff was carrying a ratchet as part of his normal duties when he felt excruciating back pain radiating into his leg.

6. The ratchet in the walkway of the barge on March 28, 2008 rendered the walkway unfit for its intended purpose of providing a reasonably safe walking surface for crew members such as plaintiff and the barge and towboat were accordingly unseaworthy.

7. As a direct and proximate result of said unseaworthy condition, plaintiff sustained the following injuries and damages:

  a. a herniated lumbar intervertebral disc, nerve root impingement, and other injuries to his lower back;

  b. disability, loss of function, loss of enjoyment of life, pain and suffering in the past and in the future;

  c. loss of wages, benefits, and earning capacity in the past and in the future;

  d. medical, nursing, surgical, therapeutic and other expenses of reasonably necessary medical treatment, diagnosis, therapy and care in the past, and reasonably likely to be sustained in the future;

  e. being rendered more susceptible to future injury including but not limited to disc ruptures at the adjacent vertebral levels as a result of the injuries described above.

  WHEREFORE, plaintiff HENRY VAUGHN prays that this Honorable Court enter judgment in his favor and against defendant *M/V Coal Express* in an amount which is fair and reasonable under the circumstances, prejudgment interest from the date of judicial demand, and costs of suit.

## COUNT II

**(Missouri Barge Line Company, Inc. - Jones Act, Unseaworthiness, Maintenance and Cure)**

  1. This is an admiralty or maritime case within the meaning of Rule 9(h), Fed.R.Civ.P. in that Plaintiff Henry Vaughn (hereinafter "plaintiff" or "Vaughn") was employed by Missouri Barge Line Company, Inc., on board the M/V COAL EXPRESS as a deckhand and member of the crew of said vessel, which was at all relevant times engaged as an instrument of commerce or navigation on the navigable waterways of the United States and this Court therefore has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §1333(1).

Plaintiff, as a seaman, is entitled to institute suit without prepayment of costs or fees and without furnishing security therefore, pursuant to 28 U.S.C. §1916.

2.  As of the accidents complained of and, based on information and belief, at the time of the filing of this Complaint in Admiralty, the M/V Coal Express presently is or will be within the territorial jurisdiction of this District Court at its designated staging station and accordingly venue is proper under the provisions of 28 U.S.C. §1395(a) and (d). Venue is also proper in this District because Defendant Missouri Barge Line Company, Inc. does substantial and on-going business within the territorial jurisdiction of this Court and therefore resides within this District within the meaning of 28 U.S.C. §1391(b)(1).

3.  On or about the night of March 28, 2008, the plaintiff was walking on the walkway of a barge in the tow of the M/V Coal Express while said vessel was afloat on the Upper Mississippi River at or near East Cape Girardeau, Illinois. The barge and the vessel were wired together with rigging such that the barge was an appurtenance of the towboat.

4.  At said time and place, plaintiff was coming from the starboard side of the barge around the corner formed by the cargo box coaming near the head of the barge when he tripped on a ratchet that had been left in the walkway by another person. Although plaintiff was using his headlamp, he could not see the ratchet in time to avoid it because the corner of the cargo box blocked plaintiff's view of the ratchet. Plaintiff fell to the ground and immediately felt back pain.

5.  At said time and place, the Merchant Marine Act of 1920 (46 U.S.C.§688), commonly referred to as the Jones Act, imposed on defendant Missouri Barge Line Company, Inc., as plaintiff's employer and owner or owner *pro hac vice* of the M/V Coal Express and the

4

barges in its tow, the legal duties to use ordinary care to provide plaintiff with a reasonably safe place to work, to inspect plaintiff's assigned work area for defects, including but not limited to tripping hazards, to provide plaintiff with proper assistance in performing his duties, and to provide plaintiff with proper training including but not limited to training plaintiff to recognize potential tripping hazards.

6. At said time and place, defendant Missouri Barge Line Company, Inc. acting through its agents, servants and/or employees was breached its aforesaid legal duties to the plaintiff and was negligent in:

    a. failing to provide plaintiff with a reasonably safe place to work;

    b. failing to inspect plaintiff's work area for defects, including tripping hazards;

    c. failing to provide plaintiff with proper assistance in performing his duties in that another crew member left the ratchet in the walkway where it constituted a tripping hazard;

    d. failing to provide plaintiff with proper training in recognizing a potential tripping hazard.

7. During the approximately next six weeks, Plaintiff worked his normal watch schedule and performed his usual duties but continued to experience intermittent back pain. On or about May 27, 2008, plaintiff was carrying a ratchet as part of his normal duties when he felt excruciating back pain radiating into his leg.

8. The ratchet in the walkway of the barge on March 28, 2008 rendered the walkway unfit for its intended purpose of providing a reasonably safe walking surface for crew members such as plaintiff and the barge and towboat were accordingly unseaworthy.

9. As a direct and proximate result of said unseaworthy condition, and as a result in whole or in part of defendant's negligence, plaintiff sustained the following injuries and damages:

a. a herniated lumbar intervertebral disc, nerve root impingement, and other injuries to his lower back which required surgery;

b. disability, loss of function, loss of enjoyment of life, pain and suffering in the past and in the future;

c. loss of wages, benefits, and earning capacity in the past and in the future;

d. medical, nursing, surgical, therapeutic and other expenses of reasonably necessary medical treatment, diagnosis, therapy and care in the past, and reasonably likely to be sustained in the future;

e. being rendered more susceptible to future injury including but not limited to disc ruptures at the adjacent vertebral levels as a result of the injuries described above.

10. Defendant Missouri Barge Line Company, Inc., in addition to the legal duties described above, owed plaintiff the duty to provide him with adequate maintenance and cure for his injuries which became manifest while he was in the service of the vessel and the duty to allow plaintiff to select his own physicians and surgeons to diagnose and treat him and to pay for such medical, hospital, surgical, diagnostic, nursing, and other medical treatment.

11. Defendant breached the legal duties described in paragraph 10, above, by failing to pay plaintiff proper maintenance, initially failing to permit plaintiff to see a physician of his own choosing, terminating plaintiff's maintenance and cure benefits when plaintiff saw a

physician of his own choosing, and refusing to pay for plaintiff's medical treatment once plaintiff received treatment from a physician of his own choosing.

12. Defendant's breaches of its legal duties entitle plaintiff to damages for maintenance properly calculated at a rate of no less than forty dollars per day, the reasonable cost of cure for his injuries including medical, hospital, surgical, diagnostic, nursing and other medical services, attorney fees incurred in securing his maintenance and cure benefits and punitive damages for defendant's willful disregard of plaintiff's right to maintenance and cure.

WHEREFORE, plaintiff HENRY VAUGHN prays that this Honorable Court enter judgment in his favor and against defendant Missouri Barge Line Company, Inc. in an amount which is fair and reasonable under the circumstances, prejudgment interest from the date of judicial demand, and costs of suit.

Respectfully submitted,

ARMBRUSTER, DRIPPS,
WINTERSCHEIDT & BLOTEVOGEL, LLC


BY:   s/Roy C. Dripps
       Roy C. Dripps, #06182013
       Attorney for Plaintiff
       219 Piasa Street
       P.O. Box 8338
       Alton, IL  62002
       (618) 208-0320
       800/917-1529
       F: 800/927-1529
       royd@adwblaw.com
       ATTORNEYS FOR PLAINTIFF